VICTOR MOYER, Corporation Counsel, Rock County
You have asked for my opinion as to whether a floodplain zoning ordinance that Rock County is considering adopting would require the approval of the townships in unincorporated areas under the provisions of sec. 59.97 (5) (c), Stats. Your letter states that:
"It is my opinion that the authority to do so emanates from Wis. Stats. 59.97 (4) and that Wis. Stats. 59.97 (5) (c) requires township approval before such an ordinance is effective in any town containing land affected by the ordinance. For this reason, our County Planning and Zoning Commission has been unable to guarantee that any floodplain zoning ordinance enacted by the county will be effective in all unincorporated areas of the county.
"Representatives of the Department of Natural Resources have verbally advised our Planning and Zoning Commission that township approval is not required and that if the county is unable to guarantee county wide effectiveness of such an ordinance, the *Page 265 
Department will proceed under Wis. Stats. 87.30 to enact an ordinance for the county.
"Your informal opinion is hereby requested as to whether or not the township approval provisions of 59.97 (5) (c) are applicable to a County Floodplain Zoning Ordinance."
It is my opinion that town board approval is not required.
Section 87.30, Stats., requires all counties, cities or villages to adopt reasonable and effective floodplain zoning ordinances no later than January 1, 1968. If the required action is not taken, the statute empowers the Department of Natural Resources to adopt a floodplain zoning ordinance for the county, city or village. The statute further provides:
". . . Failure of a county, city or village to adopt a flood plain zoning ordinance for an area where appreciable damage from floods is likely to occur or to adopt an ordinance which will result in a practical minimum of flood damage in an area shall be prima facie proof of the necessity for action specified herein by the department. . . ."
The department is also empowered to make a decision in writing of insufficiency for any floodplain zoning ordinance that is adopted and, upon such a decision, the department may adopt an ordinance superseding the local ordinance.
With respect to the applicability of an ordinance adopted by the department the statute states that:
". . . Such flood plain determination and zoning ordinance shall be of the same effect as if adopted by the county, city or village. Thereafter it is the duty of the county, city, village and town officials to administer and enforce the ordinance in the same manner as if the county, city or village had adopted it. Flood plain determinations and zoning ordinances so adopted may be modified by the county, city or village concerned only with the written consent of the department except that nothing in this subsection shall be construed to prohibit a county, city, village or town from adopting a flood plain ordinance more restrictive than that adopted by the state. . . ." *Page 266 
In the above quoted section the legislature made no express provision requiring town board approval of county flood plain ordinances adopted by the Department of Natural Resources. Nor can the requirement of town board approval be necessarily implied from the statute in my opinion. Such an interpretation would be plainly contrary to the legislative intent of this section, whereby the legislature removed the discretion over the adoption of floodplain zoning from local units of government where such discretion has resulted in either inaction or insufficient protection. Furthermore, the legislature expressly provided that town officials have the duty to enforce such an ordinance adopted by the Department of Natural Resources in the same manner as if the county had adopted it, and expressly provided that towns have the authority to adopt a floodplain ordinance more restrictive than such an ordinance. This express mention of the town's authority and duties in sec. 87.30 (1), coupled with the absence of any express provision for town board approval of state adopted county ordinances, leads me to conclude, through application of the exclusio rule of statutory construction that, where the Department of Natural Resources adopts a floodplain zoning ordinance for a county pursuant to sec. 87.30, Stats., the approval of the local town boards is not required before that ordinance becomes effective within all unincorporated areas of the county.
Although sec. 87.30, Stats., plainly requires counties to adopt floodplain zoning ordinances, it does not expressly contain the necessary statutory authority for their adoption by the county, as opposed to adoption by the Department of Natural Resources. Thus, the statutory authority for the county adoption of a county floodplain zoning ordinance must be found elsewhere in the statutes. Section 87.30 (2), Stats., suggests one section where such authority may be found. It provides for the enforcement of floodplain zoning ordinances as follows:
"(2) ENFORCEMENT AND PENALTIES. Every structure, building, fill, or development placed or maintained within any flood plain in violation of a zoning ordinance adopted under this section, or s. 59.97, 61.35 or 62.23 is a public nuisance and the creation thereof may be enjoined and maintenance thereof may be abated by action at suit of any municipality, the state or any citizen thereof. Any person who places or maintains any structure, building, fill or *Page 267 
development within any flood plain in violation of a zoning ordinance adopted under this section, or s. 59.97, 61.35 or 62.23
may be fined not more than $50 for each offense. Each day during which such violation exists is a separate offense."
Section 59.97, Stats., is the statute dealing directly with the zoning authority of counties. Subsection (4) sets forth the extent of the zoning power that has been delegated to the counties. Subsection (4) (c) specifically grants the county's authority to zone the areas in and along waterways:
"(c) The areas in and along or in or along natural watercourses, channels, streams and creeks in which trades or industries, filling or dumping, erection of structures and the location of buildings may be prohibited or restricted."
This subsection grants counties the power to create special conservancy districts along waterways. Just v. Marinette County
(1972), 56 Wis.2d 7, 19, 201 N.W.2d 761. First enacted by ch. 303, Laws of 1935, it predates the floodplain zoning requirement created under sec. 87.30. The latter was enacted as a part of the Water Quality Act in 1966 (ch. 614, Laws of 1965).
Subsection (4) (c), together with the general zoning powers provided elsewhere in sec. 59.97 (4), contained ample zoning authority for a county to enact the floodplain zoning ordinance required by sec. 87.30, Stats. It would appear, however, that if such an ordinance were enacted under the authority of sec. 59.97 (4), it would be subject to the requirements contained in sec. 59.97 (5) (c) that the ordinance receive approval of the local town board before it becomes effective within that town. The practical effect of such a requirement, however, could well be to make it virtually impossible for counties to adopt floodplain zoning ordinances within the statutory deadline, or otherwise, because such ordinances would have to satisfy both the local interests of each township and the statewide minimum standards promulgated by the Department of Natural Resources in ChapterNR 116, Wis. Adm. Code. This would mean in turn, that the Department of Natural Resources would have to adopt county floodplain zoning throughout the entire State, in order to assure that such zoning is in effect and meets the minimum standards prescribed by the Department of Natural Resources. Clearly, if the legislature had intended the Department *Page 268 
of Natural Resources to zone the floodplains of the entire State, it would have so provided in the first instance.
Section 59.97, Stats., is not, however, the only statute whereby counties are authorized to zone the floodplain of a river. Section 59.971, Stats., the shoreland zoning statute, also gives counties that authority. Subsection (1) of that statute provides as follows:
"59.971 Zoning of shorelands on navigable waters. (1) To effect the purposes of s. 144.26 and to promote the public health, safety and general welfare, counties may by ordinance enacted separately from ordinances pursuant to s. 59.97, zone all lands (referred to herein as shorelands) in their unincorporated areas within the following distances from the normal high-water elevation of navigable waters as defined in s. 144.26 (2) (d): 1,000 feet from a lake, pond or flowage; 300 feet from a river or stream or to the landward side of the flood plain, whicheverdistance is greater. If the navigable water is a glacial pothole lake, the distance shall be measured from the high watermark thereof." (Emphasis added.)
Town board approval is not required under sec. 59.971 in order for the ordinance to become effective within a town. Subsection (2) (a) provides that:
"(2) (a) Except as otherwise specified, all provisions of s. 59.97 apply to ordinances and their amendments enacted under this section, but they shall not require approval or be subject to disapproval by any town or town board."
There is a close relationship between shoreland zoning, required under secs. 59.971 and 144.26, Stats., and floodplain zoning, required under sec. 87.30. Both were enacted as a part of the Water Quality Act of 1966 (ch. 614, Laws of 1965). Both provide that the Department of Natural Resources can adopt ordinances for counties if they do not enact ordinances meeting minimum standards by January 1, 1968. Section 59.971 (6) states that:
"If any county does not adopt an ordinance by January 1, 1968, or if the department of natural resources, after notice and hearing, determines that a county has adopted an ordinance which fails to meet reasonable minimum standards in accomplishing the shoreland protection objectives of s. 144.26 (1), the department of *Page 269 
natural resources shall adopt such an ordinance. As far as possible, s. 87.30 shall apply to this subsection."
Both statutes provide for statewide action under the police power to protect the public health, prevent pollution and to protect the public rights in our waterways. The validity of the shoreland zoning was upheld in Just v. Marinette County, supra. In that opinion, the Wisconsin Supreme Court impliedly approved floodplain zoning when it cited a Massachusetts case, TurnpikeRealty Co. v. Town of Dedham (Mass. 1972), 284 N.E.2d 891, which upheld a floodplain zoning ordinance, as being analogous to the facts in the Just case. 56 Wis.2d at 22, 23. Finally, both secs.87.30 and 59.971 evince a legislative intent that counties act quickly to adopt zoning ordinances to protect their shorelands and floodplains, without the inherent delay and incompleteness that results by requiring town board approval before the ordinances become effective within a town.
In summary, it is my opinion that a county may adopt a floodplain zoning ordinance as required by sec. 87.30, Stats., under the authority granted it in sec. 59.971, Stats., and, within the applicable limitations, under sec. 59.971, Stats. Town board approval is not required for a floodplain zoning ordinance to become effective in unincorporated areas within the county.
RWW:SMS